LONG *v.* STATE.

4765                                              266 S. W. 2d 66

Opinion delivered March 29, 1954.

*Jay W. Dickey* and *Sam M. Levine,* for appellant.

*Tom Gentry,* Attorney General and *Thorp Thomas,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Appellant, Clarence Long, was charged with and convicted of murder in the

first degree for the killing of Henry Allen; the jury fixed his punishment at life imprisonment. At the conclusion of all the testimony, appellant by proper motions challenged the sufficiency of the evidence to sustain a verdict of guilty of murder in either the first or second degree or manslaughter. It is now insisted that the state failed to prove the malice and premeditation on the part of appellant requisite to a conviction of first degree murder.

The evidence disclosed that on Sunday morning, August 9, 1953, appellant drove his two-door sedan automobile from Altheimer, Arkansas, to Pastoria, Arkansas, carrying five other passengers. After remaining in Pastoria a few hours, the group started back. Deceased, who had come to Pastoria in another car, wanted to ride back with them, and though there were protestations that the car would be too crowded, he did get into the back seat. After driving a short way, appellant complained that he would be arrested by the police for overloading the car. Appellant stopped the car; deceased got out, walked around to the driver's side, opened the door, and attempted to pull appellant from the car. The defense witnesses testified that deceased had a knife out and tried to use it on appellant, while the State's witnesses insist that there was no knife involved in the fracas. The deceased was restrained by the other passengers, and appellant drove off leaving deceased and two others in the road.

The shooting occurred later that day in the Busy Bee Cafe in Altheimer, and the testimony as to what happened there is in sharp conflict. Defense witnesses testified that appellant was in the cafe inquiring about his watch, which had apparently been lost in the earlier scuffle, and that deceased came in afterwards. They stated that appellant started backing from him toward the door, and that deceased advanced on him with his hands in his pockets, a position which suggested to appellant that deceased was preparing to pull a knife.

Opposed to this testimony, Lee Withers, a witness for the State, testified that deceased was already in

the cafe when appellant entered, and that the shooting occurred immediately upon appellant's entrance. Neither defense nor State witnesses testified to hearing any argument preceding the shooting, and no one saw a knife either in deceased's hand or about his body, though no one searched his pockets.

Appellant argues that even when considered in the light most favorable to the verdict the foregoing evidence is insufficient to show the malice, premeditation and deliberation required by Ark. Stats. § 41-2205 for a conviction of first degree murder.

It is a rule of long standing and repeated application in this state that when the homicide is without provocation and done with a deadly weapon, the law will imply malice. *McAdams* v. *State,* 25 Ark. 405; *Wooten* v. *State,* 220 Ark. 755, 249 S. W. 2d 968. Here, the lethal character of the weapon is unquestioned. When this fact is considered with the evidence that no argument or threats preceded the shooting, and that appellant began shooting immediately upon entering the cafe, the jury's finding of malice on the part of appellant was amply sustained.

The requirement of premeditation and deliberation presents a more difficult problem, for this court has held that these two elements of first degree murder will not be inferred or presumed from the mere fact alone that the killing was done with a deadly weapon. *Weldon* v. *State,* 168 Ark. 534, 270 S. W. 968. However, recognizing the difficulty of establishing by proof the existence of a mental process and a state of mind, this court has approved the rule that premeditation and deliberation may be inferred as a matter of fact from the circumstances of the case, such as the character of the weapons used, the nature of the wounds inflicted, and the accused's acts, conduct, and language. *Bramlett* v. *State,* 202 Ark. 1165, 156 S. W. 2d 226. According to the evidence adduced by the State in the case at bar, appellant had had trouble with deceased earlier in the day and had lost a watch which he prized very

highly in the struggle. He then procured a loaded .32 calibre pistol and proceeded to a crowded cafe on Sunday afternoon in search of the deceased. Immediately upon entering the cafe he began shooting and killed the deceased. This testimony was sufficient to warrant the court in submitting to the jury the question of whether or not the appellant acted with premeditation and deliberation when he killed Henry Allen and the jury's finding on this issue is conclusive.

Appellant also argues that his plea of self-defense was fully established and that deceased was the aggressor at the time of the shooting. In this connection it is contended that certain witnesses for appellant were in a better position than Lee Withers to observe what occurred at the time of the shooting. Under our system of jurisprudence these were matters within the exclusive province of the jury. Since there was a sharp dispute in the testimony as to what occurred immediately preceding the shooting, it was for the jury as the sole judges of the credibility of the witnesses to determine the verity and weight to be given the testimony. The law of self-defense and other issues were presented to the jury under instructions which have been repeatedly approved by this court.

The record presents no reversible error, and the judgment is affirmed.